# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

YANICK ERNEST,

        Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC and PARAGON CONTRACTING, LLC,

        Defendants.
_____/

CASE NO.: 1:21−cv−20109−XXXX

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant, Healthcare Revenue Recovery Group ("Defendant" or "HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Statement of Claim, and states the following:

## JURISDICTION AND VENUE

1. Admitted for purposes of claims identification only; otherwise denied. Defendant demands strict proof thereof.

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for purposes of jurisdiction and venue only; otherwise denied.

4. Admitted for purposes of venue only; otherwise denied.

## PARTIES

5. Admitted for purposes of venue only; otherwise denied.

6. Admitted for purposes of jurisdiction and venue only; otherwise denied.

7. Admitted for purposes of jurisdiction and venue only; otherwise denied.

## DEMAND FOR JURY TRIAL

8. Defendant requests trial by jury on all issues remaining following any order ruling on dispositive motions.

## FACTUAL ALLEGATIONS

9. Unknown at this time; therefore, denied.

10. Unknown at this time; therefore, denied.

11. Unknown at this time; therefore, denied.

12. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

13. Unknown at this time; therefore, denied.

14. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

15. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

16. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

17. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

18. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

19. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

20. Admitted to the extent that Defendant HRRG was retained by contract to seek repayment of the underlying debt obligation from the Plaintiff however it is denied that Defendant HRRG possessed actual knowledge that the debt obligation was either a work-related injury or illegitimate or uncollectible from the Plaintiff.

21. Admitted to the extent that Defendant HRRG collects medical debt obligations from consumers on behalf its creditor-client, otherwise denied.

22. Admitted to the extent that Defendant HRRG collects medical debt obligations from consumers on behalf its creditor-client, otherwise denied.

23. Admitted to the extent that Defendant HRRG collects medical debt obligations from consumers on behalf its creditor-client, otherwise denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted to the extent that Defendant HRRG was retained by contract to seek repayment of the underlying debt obligation from the Plaintiff however it is denied that Defendant HRRG possessed actual knowledge that the debt obligation was either a work-related injury or illegitimate or uncollectible from the Plaintiff.

32. Admitted to the extent that Defendant HRRG was retained by contract to seek repayment of the underlying debt obligation from the Plaintiff however it is denied that Defendant HRRG possessed actual knowledge that the debt obligation was either a work-related injury or illegitimate or uncollectible from the Plaintiff.

33. Admitted to the extent that Defendant HRRG was retained by contract to seek repayment of the underlying debt obligation from the Plaintiff however it is denied that Defendant HRRG possessed actual knowledge that the debt obligation was either a work-related injury or illegitimate or uncollectible from the Plaintiff.

34. Admitted to the extent that Defendant HRRG was retained by contract to seek repayment of the underlying debt obligation from the Plaintiff however it is denied that Defendant HRRG possessed actual knowledge that the debt obligation was either a work-related injury or illegitimate or uncollectible from the Plaintiff.

## COUNT I
## FDCPA-1692e(2)(A)

35. Defendant incorporates by reference its responses to paragraphs 1-34 above as if fully stated herein.

36. Admitted to the extent that Section 440.13 and its sub-parts are self-evident as to its provisions, content, and context, otherwise denied.

37. Admitted to the extent that Section 440.13 and its sub-parts are self-evident as to its provisions, content, and context, otherwise denied.

38. Admitted to the extent that Section 440.13 and its sub-parts are self-evident as to its provisions, content, and context, otherwise denied.

39. Admitted to the extent that Section 1962e and its sub-parts are self-evident as to its provisions, content, and context, otherwise denied.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

## COUNT II
## FCCPA-559.72(9) Fla. Stat.

45. Defendant incorporates by reference its responses to paragraphs 1-43 above as if fully stated herein.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Denied; Defendant demands strict proof thereof.

51. Denied; Defendant demands strict proof thereof.

## COUNT III
## FCCPA-559.72(5) Fla. Stat.

52. Defendant incorporates by reference its responses to paragraphs 1-52 above as if fully stated herein.

53. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

54. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

55. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

56. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

57. The allegations in this paragraph are asserted against a Defendant other than Defendant HRRG and therefore no response is necessary. To the extent that any allegations are asserted directly and/or indirectly against Defendant HRRG, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that the alleged actions of Defendant HRRG and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Sections 1692k, and Florida's Consumer Collection Practices Act, Section 559.77

*Fla. Stat.* since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Second Affirmative Defense**

Defendant HRRG affirmatively alleges that Defendant HRRG is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

**Third Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damage which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**Fourth Affirmative Defense**

Defendant HRRG affirmatively alleges that it lacked the requisite actual knowledge to support a claim under Section 559.72(9) *Fla. Stat.*

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **13th day of January, 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
*SKohlmyer@Shepardfirm.com*
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 13, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com; Thomas J. Patti, Esquire at tom@ jibraellaw.com; Paul Herman at paul@consumeradvocatelaw.com; Joel A. Brown, Esquire at joel.brown@friedmanandbrown.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
*SKohlmyer@Shepardfirm.com*
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*